UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYALTY CRYSTAL & GIFTS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ARLACO LLC and ANDRE GERMAN,<br><br>*Defendants*. | Civ. Action No. 23-cv-291<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

Plaintiff Royalty Crystal & Gifts, LLC ("Plaintiff"), by and through its attorneys, Tarter Krinsky & Drogin LLP, by way of its Complaint against Defendants Arlaco LLC and Andre German (individually and collectively, "Defendants"), alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act of 1976. This action arises out of Defendants' unauthorized reproduction and public display of photographs owned by Plaintiff. Plaintiff seeks monetary and injunctive relief under the Copyright Act, 17 U.S.C. § 101, *et seq*.

## THE PARTIES

2. Plaintiff, Royalty Crystal & Gifts, LLC, is a New Jersey limited liability company with its principal place of business located at 1084 Brook Road, Lakewood, New Jersey 08701.

3. Upon information and belief, Defendant, Arlaco LLC is a Michigan limited liability company with its principal place of business located at 2903 Chestnut Run Drive, Bloomfield Hills, Michigan 48302.

4. Defendant Andre German is a private individual employed by and acting on behalf of Defendant Arlaco LLC.

1

**JURISDICTION AND VENUE**

5.  This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338(a) as this action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

6.  Furthermore, Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in this District and have committed at least some of the acts complained of herein within this District.

7.  On information and belief, Defendants sell large quantities of products to customers in New York, maintain interactive websites accessed by residents of New York, and otherwise avail themselves of the privilege of doing business in the State of New York and in this District.

8.  Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

9.  Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

A.  **PLAINTIFF AND ITS COPYRIGHTED PHOTOS**

10.  Plaintiff manufactures and sells various home goods, including dinnerware, drinkware, and tableware accessories.

11.  Plaintiff advertises and sells its products through various channels, including through an Amazon.com storefront, "Royalty Art" ("Royalty Art Amazon Storefront") as well as through its https://shoproyaltyart.com/ website ("Royalty Art Website").

12. Among the various homeware products it offers, Plaintiff advertises and sells a glass butter dish.

13. To enable sales of its products, Plaintiff expends great time, effort, and money to create or commission high-quality photographs of its products, including its glass butter dish, for use in marketing and promoting such products.

14. Plaintiff's photograph depicting its glass butter dish is displayed on the Royalty Art Website and Amazon Storefront:



*See, e.g.*, https://shoproyaltyart.com/glass-butter-dish-with-handled-lid-rectangular-classic-covered; https://www.amazon.com/Handled-Rectangular-Traditional-Accessory-Dishwasher/dp/B07BR9VZ9X/ref=sr_1_5?crid=2HDT745DF840D&keywords=royalty+art+glass+butter+dish+with+handle&qid=1672874263&sprefix=%2Caps%2C70&sr=8-5.

15. Each of the photographs depicting Plaintiff's products are original, creative works in which Plaintiff owns protectable copyright interests.

16. Plaintiff has obtained an active and valid copyright registration for, at least, the following photograph depicting the glass butter dish (the "Copyrighted Photos"). *See, e.g.* Registration No. VA 2-332-981.



17. Plaintiff currently is, and has been at all times relevant hereto, the sole owner of all right, title and interest, in and to the Copyrighted Photos.

**B.   DEFENDANTS AND THEIR INFRINGING ACTS**

18. Defendants are also in the business of selling home goods, including glass butter dishes, through its own website (https://arlaco.com/) (the "Arlaco Website") and Amazon.com.

19. Upon information and belief, Defendants own, operates, and maintains the Arlaco Website.

20. Upon information and belief, Defendants are responsible for all of the content publicly displayed on the Arlaco Website and Defendants' listings on Amazon.com (including, without limitation, the photographs depicting its products).

21. Upon information and belief, the Arlaco Website and listings on Amazon.com are popular and lucrative commercial enterprises—Defendants profit from the sale of its products to the public through these platforms.

22. Without license, permission or authorization from Plaintiff, Defendants copied, reproduced, and publicly displayed Plaintiff's Copyrighted Photos in order to promote and market Defendants' butter dish.

23. In particular, Defendants' Arlaco Website and listings on Amazon.com prominently feature Plaintiff's Copyrighted Photos. The below image is a true and correct screenshot of the Arlaco Website (https://arlaco.com/ols/products/arlaco-glass-butter-dish-with-handled-lid-rectangular-classic-covered-2-piece-design-clear-traditional-kitchen-accessory-dishwasher-safe):



24. Plaintiff's Copyrighted Photos have been reproduced by Defendants in their entirety and are being used by Defendants for the same purpose that Plaintiff created or commissioned them, namely, to market and promote a glass butter dish.

25. On information and belief, Defendants' use of Plaintiff's Copyrighted Photos have assisted Defendants in generating sales of its butter dish that would not have otherwise occurred.

5

26. Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Photos constitutes copyright infringement and is in violation of the Digital Millenium Copyright Act ("DMCA").

27. Plaintiff completed and submitted an intellectual property infringement claim through Amazon.com, alerting Defendants of their infringement of Plaintiff's Copyrighted Photos and violation of the DMCA.

28. Defendants filed a counter-notice affirming that Defendants have "a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."

29. Defendants knowingly and materially misrepresented in its counter notice under the DMCA, 17 U.S.C. § 512(c)(3), that the Copyrighted Photos were removed or disabled by mistake or misidentification.

30. A response accompanying the counter-notice, however, acknowledged, *inter alia*, Defendants' infringement resulting from the use of Plaintiff's Copyrighted Photos:

> Hello,
>
> My name Is Andre and I work with ARLACO LLC. We sell various products on amazon and our website which we source directly from our manufacturers. We received a complaint from you guys a couple months ago regarding the Royaly Art Glass Butter dish and acknowledged the mistake of listing our item under your ASIN. We created a new ASIN linked with the UPC that we have for our butter-dish and **have now received another complaint regarding the images that we have used for that listing**.
>
> ***I want to apologize for the infringement*** and take the steps necessary to make things right. ***We will take the pictures down from the listing and re-name the listing accordingly***. If there are any other issues that you have identified we are willing to address those as well. We would like to keep selling our generic dish and want to comply with all requirements. After working with you to complete

6

the necessary changes we ask that you remove the complaint from amazon which will allow us to continue to sell our item.

31. As of the date of filing the instant Complaint, Plaintiff's Copyrighted Photos remain displayed on the Arlaco Website.

32. Accordingly, Defendants infringed, and continue to infringe, Plaintiff's copyrights by selecting, copying, reproducing and publicly displaying Plaintiff's Copyrighted Photos on the Arlaco Website and Amazon.com.

33. Defendants were aware and/or should have been aware that Plaintiff's Copyrighted Photos are Plaintiff's original copyright-protected works.

34. Defendants engaged in the above infringing activities knowingly and in violation of United Stated copyright laws.

35. Defendants used and are using Plaintiff's Copyrighted Photos to sell butter dishes in competition with Plaintiff to derive revenue, profits, and customer relationships and goodwill from the sales of such products.

36. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

37. Plaintiff seeks herein preliminary and permanent injunctive relief and actual damages including disgorgement of all profits pursuant to federal law pertaining to copyrights.

### COUNT I
### (17 U.S.C. § 501 - Copyright Infringement as to all Defendants)

38. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–34, inclusive, as if fully set forth herein.

39. Plaintiff's Copyrighted Photos are original, creative works in which Plaintiff owns valid and protectable copyright interests.

40. Plaintiff has neither licensed Defendants a right to publish any of Plaintiff's Copyrighted Photos, nor has Plaintiff assigned any of its copyrights in any of Plaintiff's Copyrighted Photos to Defendants.

41. Without permission or authorization from Plaintiff, Defendants improperly and illegally copied, reproduced, and publicly displayed Plaintiff's Copyrighted Photos, on the Arlaco Website and listings on Amazon.com, thereby violating Plaintiff's exclusive rights in its copyrights. The full extent of Defendants infringement of Plaintiff's Copyrighted Photos will be identified through discovery and will be asserted by amendment to this Complaint.

42. Defendants' aforesaid acts, including Defendants' reproduction and display of Plaintiff's Copyrighted Photos on the Arlaco Website and listings on Amazon.com, violate Plaintiff's exclusive rights under Section 106 of the Copyright Act, and constitute willful copyright infringement.

43. By virtue of the infringing acts of Defendants, an unknown amount of people have viewed the unlawful publication of Plaintiff's Copyrighted Photos on the Arlaco Website and listings on Amazon.com. Further, by virtue of the infringing acts of Defendants, Defendants had a material unfair advantage in competing against Plaintiff.

44. Defendants were aware and/or should have been aware that t Plaintiff's Copyrighted Photos are Plaintiff's original copyright-protected works.

45. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been damaged in an amount to be determined at trial.

46. Unless enjoined, Defendants will continue their infringing acts, thereby causing additional irreparable injury to Plaintiff for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for this Court to grant the following relief:

A. Entry of a judgment against each Defendant, finding that Defendants have infringed Plaintiff's rights in the copyright for Plaintiff's Copyrighted Photos under 17 U.S.C. § 101 *et seq.*;

B. Preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 restraining each Defendant from copying, making derivative works, reproducing, duplicating, disseminating, distributing copies of, or displaying photographs copied or derived from Plaintiff's Copyrighted Photos;

C. An award of damages suffered by Plaintiff, in an amount to be determined at trial, due to Defendants' infringement pursuant to 17 U.S.C. § 504, or as otherwise allowed by law;

D. An award of reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

E. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: January 12, 2023

Respectfully submitted,
TARTER KRINSKY & DROGIN LLP

By: *s/ Tuvia Rotberg*
Tuvia Rotberg
1350 Broadway
New York, NY 10018
Tel.:  (212) 216-8000
Fax:  (212) 216-8001
E-mail: trotberg@tarterkrinsky.com

***Attorneys for Plaintiff***